| | |
|---|---|
| 1 | CRAIG A. BURNETT, ESQ. ID. #118907 |
| | LAW OFFICES OF C. BURNETT |
| 2 | 537 FOURTH STREET, SUITE A |
| | SANTA ROSA, CALIFORNIA 95401 |
| 3 | Telephone: (707) 523-3328 |
| | Fax: (707) 523-3082 |
| 4 | Email: cburnett@nomoredebt.com |
| 5 | Attorney for Plaintiff/Trustee Linda S. Green |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-13135 |
| | ) | |
| JOHN DAVID HICKS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | A.P. No. 13-3203 |
| _____ | ) | |
| | ) | |
| LINDA S. GREEN, | ) | STATUS REPORT |
| Chapter 7 Trustee for the | ) | |
| Bankruptcy Estate of John David Hicks, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Hearing Information |
| | ) | |
| vs. | ) | Date: 11/19/15 |
| | ) | Time: 2:00 p.m. |
| | ) | Place: U.S. Bankruptcy Court |
| JOHN DAVID HICKS, | ) | 235 Pine Street, 23rd Floor |
| aka J.D. HICKS, | ) | San Francisco, California |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This status report is submitted by Plaintiff, Linda S. Green, as follows:

1. The original complaint initiating this action was filed on August 21, 2013.

2. Defendant filed an answer in pro per on September 20, 2013, and because of defective entry for filing it in the base case instead of the adversary case, re-filed it on September 25, 2013.

3. On October 29, 2013, the Court entered a Scheduling Order, setting, among other things, a trial date for November 12, 2014.

4. On November 5, 2014, Plaintiff filed a Trial Brief along with a Witness List and List of Exhibits.

5. At the pre-trial hearing held on November 6, 2014, Defendant did not appear and did not file a trial brief. The Court issued an order striking Defendant's Answer and directing the Clerk of the Court to

1  enter his default. The Court further ordered Plaintiff to file a motion for judgment by default by December
2  5, 2014, and vacated the trial set for November 12, 2014.

3  6. The Clerk of the Court entered Defendant's default on November 9, 2014, and on November 10,
4  2014, the Court entered an order consistent with its ruling of November 6, 2014, striking Defendant's
5  Answer, entering Defendant's default, and directing Plaintiff to file a motion for default judgment by
6  December 5, 2014.

7  7. On December 3, 2014, Plaintiff filed the appropriate motion for entry of default judgment, and
8  supporting declarations, setting the matter for noticed hearing on January 29, 2015.

9  8. On January 29, 2015, the Court, without necessity of hearing, granted Plaintiff's motion for entry
10 of default, Defendant not having filed any opposition thereto.

11 9. On February 6, 2015, the Court filed a judgment by default against Defendant, ordering him to
12 pay $35,719 plus costs, and revoking his discharge.

13 10. On February 10, 2015, Defendant substituted John Warner as his counsel in place of himself
14 in pro per. On February 11, 2015, Defendant filed a motion to set aside the default judgment, the hearing
15 on which was ultimately held on April 2, 2015.

16 11. At that hearing the Court ordered the default judgment set aside, and again set the matter for
17 trial, on December 2, 2015.

18 12. The parties filed a joint discovery plan on April 24, 2015. A status conference was held on May
19 7, 2015, and on May 8, 2015, the Court issued a new Scheduling Order, setting the matter for trial on
20 December 2, 2015.

21 13. In the interim, the parties negotiated a settlement of this matter. On September 9, 2015, the
22 parties informed the Court of the pending settlement.

23 14. On September 15, 2015, the Court issued an order vacating the trial date of December 2, 2015,
24 but keeping the pre-trial conference hearing date of November 19, 2014, which hearing is to be treated as
25 a status conference in light of the parties pending settlement.

26 <u>CURRENT STATUS</u>

27 15. A settlement has been reached, a settlement agreement has been drafted, and that agreement has
28 been signed by defendant. Plaintiff and her counsel have had conversation with the Office of the U.S.

1  Trustee and was informed by that office on September 18, 2015 that it is not inclined to pursue Defendant
2  for revocation of discharge.  Plaintiff is prepared to sign the settlement agreement presently.  Because the
3  agreement leaves open the possibility that the Office of the U.S. Trustee might still pursue revocation of
4  discharge, Plaintiff wants to make sure that the U.S. Trustee is aware and approves of the settlement.

16. Today, November 12, 2105, Plaintiff's counsel sent an email to Minnie Loo, counsel for the U.S. Trustee, providing a copy of the settlement agreement and requesting her input.  The parties are optimistic that the U.S. Trustee will indicates its approval of the settlement agreement in light of its prior communication that it is not inclined to take up the matter of revocation of discharge.

17.  This is all that is left to be done prior to seeking conclusion of this adversary proceeding.  Plaintiff believes that this will occur within the next one to three weeks and that this matter will be reduced to a stipulated judgment at that time.

Date: 11/12/15                                  Respectfully submitted,


*/s/ Craig A. Burnett*
Craig A. Burnett, Attorney for Plaintiff
Linda S. Green, Chapter 7 Trustee